# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKIA A. BECKWITH, : Plaintiff, : : v. : : PHYLLIS WALKER, *et al.*, : Defendants. : | CIVIL ACTION NO. 18-CV-4076 |

## MEMORANDUM

**MCHUGH, J.** **SEPTEMBER 27, 2018**

On June 7, 2018, *pro se* Plaintiff Lakia A. Beckwith filed this civil action in the District of Delaware against Phyllis Walker, David H. Beckwith, Lillie U. Scurry, Sandra Wright, Lenny Scurry, Kristen Waters, Robin Wright, Lisa Taylor, the City of Chester, PA, Lisa Johnson, and Benita K. Beckwith. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on June 14, 2018, the District of Delaware granted Beckwith leave to proceed *in forma pauperis*. (ECF No. 4.) By Memorandum and Order entered on September 20, 2018, the District of Delaware transferred this action to this Court. (ECF Nos. 5, 6.) Beckwith's Complaint is now before this Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court will dismiss Beckwith's Complaint with leave to amend.

## I. FACTS

Ms. Beckwith alleges that on June 1, 2017, she experienced harassment because the "operation people" kept following her and her family. (Compl. at 4.)[1] Various family members "helped [outsiders] and [were] told to stay away." (*Id.*) Beckwith alleges that "they stole[ her]

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

child from school [and] gave [her] a look alike." (*Id.*) They "[got] CYS involved [and] gave [the] child to grandmother of baby father." (*Id.*) Beckwith states that she "need[s her] child back right now and [her] 100,000,000.00 [her] deeds and [her] license to own [her] City of Chester and University of Cheyney PA." (*Id.*)

Ms. Beckwith further alleges that the Defendants are "trying to keep [her] from having . . . everything that belongs to [her]." (*Id.* at 5.) She is "suppose[d] to be liv[ing] off 1 million dollars in [her] bank account [but has] nowhere near that in [her] account." (*Id.*) She "need[s] help finding everything according to that contract." (*Id.*) Beckwith refers to a check that was written "back around 1981" for $100,000,000.00. (*Id.*) She states that she "[would] like to press charges on the people that used [her] and child and boyfriend in services." (*Id.*) As relief, Beckwith seeks $100,000,000.00 as well as "[her] deeds." (*Id.* at 7.)

## II. STANDARD OF REVIEW

Because Beckwith has been granted leave to proceed *in forma pauperis*, her Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Beckwith is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III.  DISCUSSION

As the jurisdictional basis for her claims, Ms. Beckwith states that she is bring claims regarding "services that [are] not a part of [her] contract here in the United States of America by [her] being the owner [she is] unable to practice." (Compl. at 3.) She also indicates that she is "the owner of the City of Chester and University of PA and 7 programs and other." (*Id.*) From this, however, the Court cannot at this time discern a plausible claim for relief under federal or state law.

Beckwith vaguely mentions that her child was taken away after CYS "got . . . involved." (Compl. at 4.) To the extent she is asserting claims pursuant to 42 U.S.C. § 1983 regarding the violation of her constitutional rights based upon these events, she has not "allege[d] the violation of a right secured by the Constitution and laws of the United States, and [has not] show[n] that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court cannot discern whether any of the named Defendants are state actors, and Beckwith has failed to describe how they were responsible for violating her

3

rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated her rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Moreover, with respect to the City of Chester, nothing in the Complaint alleges that the violation of any constitutional rights stemmed from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. a658, 690-91 (1978).

To the extent Beckwith is asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, the Complaint suggests that several of the Defendants are residence of Pennsylvania, as is Beckwith herself. (Compl. at 2-3.) Given this, the Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

While Ms. Beckwith is understandably upset about the loss of her child, the Court cannot discern any plausible claims for relief against any of the Defendants at this time because the Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the

issue." *Fabian*, 2017 WL 3494219, at *3. Accordingly, the Court will dismiss the Complaint but, in deference to Beckwith's *pro se* status, give her leave to file an amended complaint in the event that she can state a plausible claim for relief over which this Court may exercise subject matter jurisdiction.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Ms. Beckwith's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. This dismissal will be without prejudice to Beckwith's right to file an amended complaint in the event she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**


      /s/ Gerald Austin McHugh
United States District Judge